IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLAINE LANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-20-1215-C |
| ) | |
| CITY OF BLANCHARD; STACEY ) | |
| WHITE, in his individual capacity; and JOE ) | |
| BEILOUNY, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting four claims arising from the termination of his employment with Defendant City of Blanchard ("City"). Plaintiff alleges a state law wrongful termination claim based on an alleged violation of Burk v. K-Mart, Corp., 1989 OK 22, 770 P.2d 24 ("Burk tort"), a civil conspiracy claim based on state law, a negligence claim based on state law, and a 42 U.S.C. § 1983 claim premised on an alleged violation of the First Amendment. Defendants seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), asserting Plaintiff has failed to adequately plead a claim for relief.

This action was originally filed in state court. After Plaintiff amended his Petition to add the § 1983 claim, Defendants removed the action to this Court. Thus, the Court will consider the challenge to the First Amendment claim first. If that claim does not survive the Motion to Dismiss, remand is proper as the remaining claims raise novel issues of state law.

Plaintiff alleges that while employed by Defendants, he saw an unauthorized person in the dispatch area. According to Plaintiff's allegations, this area contains confidential material. Plaintiff then complained to his supervisor about the unauthorized person believing presence in the dispatch area violated state statutes. Plaintiff argues that when he complained about the presence of the unauthorized person, he exercised his First Amendment right of free speech and his subsequent termination violated his constitutional rights.

The Tenth Circuit has established a five-step process to analyze free speech claims. Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007). Those steps are: First, the Court must determine if the employee was speaking as a citizen or pursuant to official duties. Id. If the speech was pursuant to official duties, there is no First Amendment protection. Id. "Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern." Id. "Third, if the employee speaks as a citizen on a matter of public concern, the court must determine 'whether the employee's interest in commenting on the issue outweighs the interest of the state as employer.'" Id., at 1203, quoting Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007). Fourth, was the speech a substantial or motivating factor in the employment decision. Brammer-Hoelter, 492 F.3d at 1203. Finally, if the speech was a factor, can the employer show the same decision would have been made absent the speech. Id. "The

first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact." Id.

Here, Plaintiff's claim fails at the first step. In evaluating the nature of the speech, the Court must determine whether the speech was made within the scope of Plaintiff's employment duties. If the speech is consistent with the type of activities the employee was paid to do, it is made within the scope of employment. Green v. Bd. of Cnty. Comm'rs, 472 F.3d 794, 801 (10th Cir. 2007). The facts as pleaded by Plaintiff establish that his speech occurred within the course of his official duties. Plaintiff learned of the alleged wrongdoing while on duty and reported it within his chain of command. Plaintiff argues that he was not employed to police the police but to police the public. Thus, the reporting was outside the scope of his duties. This argument fails. As noted in Green, the question is whether the speech was consistent with the type of activity the employee was paid to perform. Plaintiff was paid to respond to criminal conduct. Thus, to the extent he alleges the unauthorized presence was criminal, reporting it was within the scope of his employment duties. Defendants' Motion will be granted on this issue.

The determination that Plaintiff cannot state a First Amendment claim is a matter of law. No amendment could cure the defect and therefore the dismissal will be with prejudice. As a result, no federal claim remains. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remainder of Plaintiff's claims. The matter will be remanded to the District Court of McClain County, Oklahoma.

## **CONCLUSION**

As set forth more fully herein, Defendants' Motion to Dismiss (Dkt. No. 5) is GRANTED in part. The Motion is GRANTED as to Plaintiff's First Amendment Claim. The Clerk of Court shall take the necessary step to return this case to the District Court of McClain County, Oklahoma.

IT IS SO ORDERED this 2nd day of February, 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge